UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                             PLAINTIFF

v.                                             CRIMINAL ACTION NO. 3:15-CR-00005-CRS

JACOB BACHELOR                                                       DEFENDANT

## MEMORANDUM OPINION

I.   Introduction

On October 13, 2014, Louisville Metro Police Department Detective and FBI Narcotics Task Force Officer Kevin McKinney surveilled Jacob Bachelor for suspected drug dealing. Bachelor was a passenger in an SUV that Detective McKinney pulled over for running a stop sign. McKinney found marijuana in the SUV.

During the traffic stop, McKinney informed Bachelor of his *Miranda* rights. McKinney asked Bachelor whether he could search Bachelor's home at 1455 Beech Street (the "home") where he lived with his mother and brother. Bachelor alleges that McKinney told him that if they found drugs in the home he would arrest Bachelor's mother. Bachelor also alleges that Detective Brian Reccius said, "You are just going to let your mama get locked up? I don't know nobody that would do that." Evid. Hr'g Tr. 42, ECF No. 38. Bachelor told McKinney that there was cocaine inside the home, and that it was his.

Bachelor signed a consent to search form. He alleges that he signed the form so that the police would not tear up the home while executing a search warrant. During the search,

1

McKinney recovered cocaine, razor blades, baggies, a metal press, heroin, electronic scales, and a firearm.

A grand jury indicted Bachelor for possessing heroin with the intent to distribute, possessing cocaine with the intent to distribute, possessing a firearm in furtherance of a drug trafficking crime, and possessing a firearm as a convicted felon.

Bachelor moved to suppress evidence from the traffic stop, his statement that the cocaine in the home was his, and the evidence seized from the home.

The magistrate judge conducted a hearing on the motion to suppress. The magistrate judge made findings of fact and conclusions of law. The magistrate judge recommended that this Court suppress all evidence seized from the home and suppress Bachelor's statement regarding the cocaine. R. & R. 28, ECF No. 44.

The United States filed a timely objection to the magistrate judge's report and recommendation. Obj. 1, ECF No. 46.

For the reasons below, the Court will grant Bachelor's motion to suppress.

II.     Standard of Review

The Court shall make a de novo determination of the proposed findings or recommendations to which the United States objected. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b)(3). The Court accepts the magistrate judge's factual findings and conclusions to which neither party objected. *See* Fed. R. Crim. P. 59(b)(3).

Specifically, the Court will adopt the magistrate judge's analysis of the traffic stop. *See* R. & R. 9 – 16. The magistrate judge recommended that this Court suppress Bachelor's statement regarding the cocaine because the statement was involuntary and violated his privilege against self-incrimination. *Id.* at 28. The United States did not object to this recommendation.

The Court will adopt the magistrate judge's recommendation that this statement should be suppressed.

Further, the magistrate judge concluded that Bachelor did not voluntarily consent to the search. *Id.* at 24 – 25. The magistrate judge recommended that this Court suppress all evidence seized from the home. *Id.* The United States objects to this recommendation. Obj. 6.

III.   Magistrate Judge's Factual Findings

The United States objects to the magistrate judge's factual findings: that Detective McKinney did not dispute the defendant's testimony that he refused to sign the consent form, *id.* at 1 – 3; that Bachelor was "very concerned" that if he refused to consent and force the police to obtain a search warrant, his mother's house would be damaged, *id.* at 4; and that the magistrate judge had no basis for believing Bachelor's testimony. *Id.*

A. Whether Det. McKinney disputed Bachelor's testimony that he initially refused to sign the form

The United States argues that Detective McKinney "did indeed dispute the defendant's testimony about refusing to sign the consent form." *Id.* at 2. On cross-examination, Detective McKinney testified that Bachelor "ended up" signing the form. Tr. 28. Detective McKinney's statement that Bachelor "ended up signing it," implies that Bachelor did not initially sign the form.

The Court will adopt the magistrate judge's factual finding that McKinney did not dispute that Bachelor initially refused to sign the consent form.

B. Whether Bachelor was "very concerned" that the house would be damaged if the police had to obtain a search warrant

3

The United States argues that the magistrate judge's finding that Bachelor was "very concerned" that the home would be damaged while executing a search warrant "is not consistent with the fact that Bachelor testified that he thought the police already had a search warrant." Obj. 4.

Detective McKinney testified that he thought Bachelor was "worried" about the home being "torn up." Tr. 26. Bachelor testified that he knew a friend who had been the subject of a search warrant executed by Detective McKinney, and that house had been "torn up." *Id.* at 43 – 44.

Although Bachelor testified that he thought the police already had a search warrant when he signed the consent form, Tr. 54, this statement was consistent with his testimony regarding the consent form. Bachelor testified that he did not know that a judge had to sign a search warrant, he had never been the subject of a search before, and his friends had not talked about it. *See id.* at 55. Bachelor also testified that he asked McKinney about the papers in his hands: "I asked [McKinney] what was in his hands. He stated that it was the search warrant papers. I asked him, 'Do you mind if I read them?' He said, 'No, you'll get a copy after [we're] done.' After that, I didn't say nothing else." *Id.* at 42.

The Court will adopt the magistrate judge's factual finding that Bachelor was concerned that the house would be torn up if he did not sign the consent form.

C. Respective Credibility of Witnesses

The United States argues that "When the undisputed facts are considered, there is no basis for believing Bachelor." Obj. 4.

This Court may defer to a magistrate judge's determination of credibility as the magistrate was in the best position to make that determination. *See United States v. Hill*, 195 F.3d 258, 264 – 65 (6th Cir. 1999).

The magistrate judge properly summarized the testimony of the two witnesses in the report and recommendation. The Court will defer to the magistrate judge who was in the best position to gauge the respective credibility of Bachelor and Detective McKinney.

IV.     Magistrate Judge's Legal Conclusion

The United States objects to the following conclusion by the magistrate judge: that Detective McKinney's "statements went beyond merely being informative, and rather appear to apply pressure on Bachelor, out of concern that his mother would be arrested and the house possibly damaged, in order to obtain what Bachelor had more than once refused to provide – a signed consent to search." Obj. 3.

A warrantless search is per se unreasonable unless a "specifically established and well-delineated exception" applies. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). Consent is a "well-settled" exception to the warrant requirement. *Id.* at 219. Consent "must be 'unequivocally, specifically, and intelligently given, uncontaminated by any duress or coercion.'" *United States v. Cochrane*, 702 F.3d 334, 342 (6th Cir. 2012). Once someone gives consent, the Fourth Amendment permits a warrantless search. *Schneckloth*, 412 U.S. at 222.

Consent must be freely and voluntarily given. *United States v. Canipe*, 569 F.3d 597, 602 (6th Cir. 2009). The Court determines whether consent was freely and voluntarily given as a question of fact based on the totality of the circumstances. *Cochrane*, 702 F.3d at 342. The government must prove though "clear and positive testimony" that consent to search was voluntary. *Id.* The Court considers the defendant's age, intelligence, and education. *Id.*

5

The magistrate judge proposed a finding that Bachelor did not freely and voluntarily give consent to search the home.  The magistrate judge based this proposed finding on several considerations: that Bachelor testified that he initially refused to sign the form; that Detective McKinney raised the prospect that Bachelor's mother might be arrested and his home disrupted if the police were forced to obtain a search warrant; that Bachelor again refused to sign the form; and that McKinney told Bachelor he had "search warrant papers" but did not allow Bachelor to read them.  R. & R. 18 – 24.

The Court agrees with the magistrate judge that the United States has not met its burden in showing "clear and positive testimony" that Bachelor's consent was voluntary.  Based on the totality of the circumstances, Bachelor's consent was not freely and voluntarily given.  Bachelor testified that after he saw the "search warrant papers" in McKinney's hand, the following exchange occurred:

> McKinney said, 'I'm going to ask you again do you want to sign a consent to search?'  I said, 'No.'  He said, 'All right.'  He said, 'Well, I'm telling you we are going to tear up your mama's house and lock her up if we find anything in there.  You can prevent this from happening if you sign the consent to search.'  So, therefore, I thought about it, and I really felt that I had no choice but to sign it because he was going to go in there anyway.  If he's going in there anyway with a search warrant, why not sign the consent to search so that he won't tear the house up and lock up my mother.  So at that point I agreed to sign the search warrant – I mean the consent.

Tr. 43.  Additionally, Bachelor testified that Detective Reccius said, "You're just going to let your momma get locked up?  I don't know nobody that would do that."  Tr. 42.[1]

---

[1] Detective Brian Reccius did not testify at the suppression hearing.  The United States attached his affidavit to its objection.  In the affidavit, Reccius said, "At no time did affiant ever make any statement to Bachelor about letting his mother get arrested, or say anything to him to induce him to consent to a search."  Reccius Affid., ECF No. 46-2.

Bachelor argued that the post-hearing affidavit violated his right to confront Reccius. Resp. 6, ECF No. 47.  The Court need not address the potential confrontation clause issue as it will grant Bachelor's motion to suppress.

6

The Court will adopt the magistrate judge's proposed factual finding that Bachelor's consent was involuntary. Thus, Bachelor did not validly consent to the search because his consent was not freely and voluntarily given. Without valid consent, the warrantless search violated the Fourth Amendment. Generally, evidence seized in violation of the Fourth Amendment must be suppressed. *United States v. Calandra*, 414 U.S. 338, 347 (1974).

The Court will adopt the magistrate judge's recommendation regarding the warrantless search. All evidence from the home, including the gun, cocaine, and heroin, among other things obtained as a result of an illegal search will be suppressed.

V.  Conclusion

The Court will adopt the magistrate judge's findings of fact, conclusions of law, and recommendation in full. The Court will deny Bachelor's motion to suppress the evidence from the traffic stop. The Court will grant Bachelor's motion to suppress the evidence seized from the home and his statement regarding the cocaine.

The Court will enter an order in accordance with this opinion.

December 1, 2015

**Charles R. Simpson III, Senior Judge**
**United States District Court**